IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC - 6 2005
DAVID J. MALAND, CLERK
BY DEPUTY _____

Troy A. Smocks
  Petitioner

-vs-

The United States of America
  Respondent

Civil Case 6:05cv469
Criminal Case 4:05CR-12

06-0132.CV·W·NKL P

## PETITION FOR WRIT OF HABEAS CORPUS 28 USC 2241(a)

Come Now petitioner, respectfully submits the herein petition for relief against current and future restraint upon his liberty, and that such is in violation of the laws and treaties under the Constitution of the United States.

Petitioner is confined in the Smith County, Texas Jail pending federal prosecution pursuant to a Writ of Habeas Corpus Ad Prosequendum, from the Missouri State Prison. Whereas, after the conclusion of the federal proceedings, the petitioner shall be subject to removal from the State of Texas, and return to Missouri. It is the future state of confinement that prompts this petition.

Article I, Section 7, Clause III, and the due process of law clauses of Amendments 5 and 14 of the Federal Constitution mandate that no person shall be convicted except by "Indictment," trial, judgement, and punishment "according to law."

The petitioner seeks habeas relief because of the Respondent's intent to return him to a state of confinement that was imposed upon him in violation of the law. In that the Missouri Court that imposed

(1)

sentence upon the petitioner, were acts done by a court that had no jurisdiction over the person of the petitioner.

The petitioner was convicted and sentenced upon an indictment that was never "founded" by a grand jury in accordance to law.

The March 19, 2001 paper was never signed by the prosecuting attorney, and therefore pursuant to both statutory and case law, failed to be perfected and no jurisdiction of the trial court attached. (See Exhibit A).

This defect is not waived by going to trial without objection, nor can it be cured by the substitution of an information.

## In Rem Jurisdiction Is Vested In This Court

The lack of jurisdiction cannot be corrected by appeal or post-conviction proceedings, for reasons that the lack of jurisdiction effects the courts authority to act[.] And the issue of jurisdiction may be questioned by a party at any time, or place... even in another state as held by the U.S. Supreme Court in the cases of; Andrews v. Andrews, 23 S.Ct. 237 id. 241, 188 U.S. 14 Id. 35, 36 Reynolds v. Stockton, 11 S.Ct. 773 id. 776 Harvey v. Tyler, 69 US 328, 341, 345 (and) Earle v. McVeigh, 91 US 503, 506.

Also see 46 Am Jur § 30, 31 "Void Judgements".

For these reasons this Federal District Court has proper custodial jurisdiction in which to here the petitioner's 28 USC 2241 action. Moreover, "it is clear that the want of jurisdiction is a matter that may always be set up against a judgement when sought

(2)

to be evidenced, or where any benefit is claimed under it, as the want of jurisdiction makes it utterly void and unavailable for any purpose." M<sup>c</sup>Veigh (supra).

The Respondent's intent to enforce the void judgment by retuning the petitioner to the State of Missouri, clearly authorizes this court's habeas intervention.

WHEREFORE, petitioner prays that the writ of Habeas Corpus be granted on the face of the Record.

Verification

I, Troy A. Smocks do verify that the herein pleading is true and correct, upon my oath this 28th day of November, 2005.

Respectfully,

/s/ Troy Smocks

Troy A. Smocks
Smith County Jail
206 E. Elm
Tyler, TX 75702

IN THE United States District Court
for the Eastern District of Texas
TYLER Division

Troy A. Smocks, )
Petitioner )
) Case No _____
vs. )
)
The United States of America, )
Respondent )

Suggestions In Support of Writ of Habeas Corpus

(1998) Missouri Revised Statute Rsmo 545.040 provides that;

"Every indictment must be signed by the prosecuting attorney, and when the grand jury returns any indictment into the court the judge must examine it, and if the foreman has neglected to endorse it "a true bill", with his name signed thereto, or if the prosecuting attorney has not signed it, the court must cause the foreman to endorse or the prosecuting attorney to sign it, as the case may require, in the presence of the jury."

In its landmark case, and beginning in October 1882, the Missouri Supreme Court and the inferior courts of the State, has repeatedly held that an indictment or other criminal charging instruments that fail to be signed by a prosecuting attorney, is a nullity and of no legal force or effect.

The Missouri Supreme Court held in State v. Bruce, 77 MO 193 (1882); "we are satisfied that no paper can be regarded as an indictment without the signature of the prosecuting attorney, and the

certificate of the foreman of the grand jury that it is a true bill. Both are required, and neither is a mere formality that may be dispensed with."

In the year 1935 the Missouri Supreme Court again faced the issue and continued it holding in Bruce stating in State v. Horn, 79 S.W. 2d 1044, id 1045.

"If the failure of the prosecuting attorney to sign an indictment (one of several incidents to the return of an indictment into court) renders the indictment a nullity, then, a fortiori, failure of the grand jury to present an indictment to the court must render it a nullity. The requirement that indictments be presented to the court is essential to perfect the indictment, for, after an examination of the indictment by the judge of the court, the court must cause the foreman to indorse, or the prosecuting attorney to sign it,' if necessary, [in the presence of the jury]."

The Horn Court went on to hold that this particular defect cannot be cured by other pleadings, or waived by not objecting to the defect prior to trial.

In 1954 the Missouri Supreme Court held in the case of State v. Brown, 364 Mo 759, 267 SW 2d 682, that:

"An indictment is "found" at the time that it is returned into court and not at the time it is voted by the grand jury."

The petitioner's indictment (see Exhibit A) was not

(2)

returned into court, and therefore was not "founded" according to law.

In (1964) the Missouri Court of Appeals at Kansas City, ruled in the matter of <u>Kansas City v. Asby</u>, 377 S.W. 2d 511, 513:

> "... prosecutions must be commenced by the filing of an information made (signed) by the public prosecuting officer, to wit, the city counselor or his assistant..."

In (1974) the Missouri Court of Appeals at St. Louis Ruled in the case of <u>City of Florissant v. Bouillard</u>, 510 S.W. 2d 185;

> "that a purported information which was not signed by the prosecutor was null and void, and without legal effect."

The Court held that without the signature of the prosecutor that the "court had no jurisdiction to proceed against the defendant and that therefore the conviction was a nullity.... We rule that no judicial proceedings were commenced... and the matters presented for our review are acts done in a court which had no jurisdiction over appellant's person or of any intended cause of action. Those proceedings, inclusive of the alleged judgement of conviction, are null and void and without legal effect."

In (1984) the Missouri Court of Appeals at Joplin ruled in exact fashion in the case of <u>City of Joplin v. Graham</u>, 679 S.W. 2d 897,

(3)

And again on September 7, 2004 the Missouri Court of Appeals at St. Louis in the case of <u>State of Missouri ex rel Barnett v. Doe</u>, continued in the 122 year tradition of striking down any charging instrument that failed to be signed by a prosecuting attorney. This case is cited at 143 S.W. 3d 655.

The petitioner is and was at all times a resident of the city of Plano, Texas. He does not desire to be removed from his home state, and well settled law establishes that the Respondent is without authority under the Constitution and laws of the United States to cause his return to Missouri.

WHEREFORE, petitioner prays that for the reasons presented, that the Writ of Habeas Corpus shall issue.

Respectfully,

Troy C. Sm——

Troy A. Smocks
Smith County Jail
206 E. Elm
Tyler, TX 75702

(4)

# IN THE CIRCUIT COURT
# OF JACKSON COUNTY, MISSOURI
# AT KANSAS CITY

## CR99-02003

Police #98-035711
Pros #320078

## INDICTMENT

| | |
|---|---|
| THE STATE OF MISSOURI, | IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY, TERM, 2001, IN DIVISION NUMBER 01 THEREOF DESIGNATED BY THE RULES OF SAID COURT AS CRIMINAL DIVISION A. |
| VS. | |

Troy A. Smocks
4706 Kensington Street
Kansas City, MO 64130
DOB: 03/20/1962; Race/Sex: B/M;
SS# 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
  Defendant.

### Count 1. Stealing - Felony (15010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.030, R.S.Mo., committed the **Class C Felony of Stealing**, punishable upon conviction under Sections 558.011 and 560.011, R.S.Mo., in that between the dates of November 18, 1997 and March 27, 1998, in the County of Jackson, State of Missouri, the defendant appropriated U.S. Currency of a value of at least seven hundred fifty dollars, which said property was owned by Amy Brown, Evan King, Dorothy Stamps, and Dawanna Burrell, and defendant appropriated such property from Amy Brown, Evan King, Dorothy Stamps, and Dawanna Burrell and with the purpose to deprive them thereof by deceit in that the defendant represented to Amy Brown, Evan King, Dorothy Stamps, and Dawanna Burrell that he was selling valid auto insurance, which representation was false and known by the defendant to be false and Amy Brown, Evan King, Dorothy Stamps, and Dawanna Burrell relied on the representation and were thereby induced to part with such property.

### Count 2. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about November 18, 1997, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a document titled Personal Auto Policy, American Liability Insurance, dated 11/18/97, policy number 458761864, purporting to insure a Mercury Topaz belonging to Dawanna Burrell and listing the annual premium as $1,214.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 3. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about November 18, 1997, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 11/18/97, policy number 458761864, naming Dawanna Burrell as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 4. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about December 15, 1997, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, used as genuine, a document titled Policy Application, American Liability Insurance, dated 12/15/97, listing a Ford Aerostar belonging to Amy and John Brown and an annual premium as $1,280.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 5. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about December 15, 1997, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a document titled Personal Auto Policy, American Liability Insurance, dated 12/15/97, policy number 499744799, purporting to insure a Ford Aerostar belonging to Amy and John Brown and listing the annual premium as $1,280.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 6. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**,

punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 5, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, used as genuine, a document titled Policy Application, American Liability Insurance, dated 1/5/98, listing a Chevy Corsica belonging to Erica L. Keith and an annual premium as $659.50, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 7. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks , in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 12, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, used as genuine, a document titled Policy Application, American Liability Insurance, dated 1/12/98, listing a Oldsmobile Delta belonging to Lance Green and an annual premium as $1332.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 8. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks , in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 15, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective January 15, 1998, policy number 499744799, naming Amy and John Brown as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 9. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks , in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 23, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a document titled Personal Auto Policy, American Liability Insurance, dated 1/23/98, policy number M489587541, purporting to insure a Ford Thunderbird belonging to Dorothy L. Stamps and listing the annual premium as $1,152.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 10. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks , in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 23, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 1/23/98, policy number M489587541, naming Dorothy L. Stamps as the insured and T.A. Smocks as

the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 11. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 27, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a document titled Personal Auto Policy, American Liability Insurance, dated 1/27/98, policy number K515800647, purporting to insure a Dodge Neon belonging to Evan D. King and listing the annual premium as $1,160.00, and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 12. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about January 27, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 1/27/98, policy number K515800647, naming Evan D. King as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 13. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about February 15, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 2/15/98, policy number 499744799, naming Amy and John Brown as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 14. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about February 27, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 2/27/98, policy number K515800647, naming Evan D. King as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

9

### Count 15. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about March 23, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 3/23/98, policy number M489587541, naming Dorothy L. Stamps as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

### Count 16. Forgery (18010)

The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Troy A. Smocks, in violation of Section 570.090.1(4), R.S.Mo., committed the **Class C Felony of Forgery**, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo., in that on or about March 27, 1998, in the County of Jackson, State of Missouri, the defendant, with the purpose to defraud, transferred with the knowledge or belief that it would be used as genuine, a State of Missouri Automobile Insurance Identification Card, American Liability Insurance, effective 3/27/98, policy number K515800647, naming Evan D. King as the insured and T.A. Smocks as the agent and at that time knew that this writing had been made so that it purported to have a genuineness which it did not possess.

Wherefore this Indictment supersedes any complaint previously filed in the Associate Circuit Court.

TRUE BILL

_____
FOREPERSON

ROBERT BEAIRD
PROSECUTING ATTORNEY
FOR THE COUNTY OF JACKSON,
STATE OF MISSOURI, by

Received this __15th__ day of __March__ 2001.

Bail set at $ __25,000__ 10%- or secured
WARRANT / SUMMONS TO ISSUE

10

_____
CIRCUIT COURT JUDGE

WITNESSES:
Det. Shane Hurst, 1125 Locust, Kansas City, MO 64106
Ms. Amy M. Brown, 1715 North Pearl, Independence, MO
Ms. Dorothy L. Stamps, 2742 Spruce Street, Kansas City, MO
Ms. Dawanna D. Burrell, 2742 Spruce Street, Kansas City, MO
Mr. Randal E. Grimm, 3314 Bristol Street, Kansas City, MO
Mr. Evan King, 4206 West 73rd Terrace, Prairie Village, KS
Mr. Frank Smith, Jefferson City, MO
Mr. D A. Collins, Kansas City, MO
Mr. James Doiron, 14310B E. 42nd Street, Independence, MO
Det. Sondra D. Rice, 1125 Locust, Kansas City, MO 64106
Mr. Lance Green, 1301 Monroe, Kansas City, MO
Ms. Erica Keith, 1743 Kansas Ave., Kansas City, MO
Det. Dale Routh, KCPD

7M

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**STATE OF MISSOURI,**        )
                              )
        Plaintiff,        )
                              )    **Case No. CR 1999-02003**
vs.                           )
                              )    Division 1
**TROY A SMOCKS,**            )
**DOB: 03/20/1962**           )
**SSN: 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**          )
                              )
        Defendant.        )

## JUDGMENT
### (BENCH TRIAL - NO PROBATION)

On September 19, 2003, came the attorney(s) for the State of Missouri, Assistant Prosecuting Attorney, Tammy Dickinson and defendant appeared in person and by attorney, Bruce W. Simon.

The Court having heard the arguments of counsel, and having been fully advised in the premises, hereby overrules defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury, or in the Alternative, for a New Trial.

Defendant, has been found guilty on April 29, 2003, after a trial to the Court upon a plea of not guilty, and a verdict of guilty of the offense(s) of

**Count 1:** Stealing, a class "C" felony, **Count 2:** Forgery, a class "C" felony,

**Count 3:** Forgery, a class "C" felony, **Count 4:** Forgery, a class "C" felony,

**Count 5:** Forgery, a class "C" felony, **Count 6:** Forgery, a class "C" felony,

**STATE v TROY SMOCKS**
**CR99-2003**
**PAGE 2**

**Count 7:** Forgery, a class "C" felony, **Count 8:** Forgery, a class "C" felony,

**Count 9:** Forgery, a class "C" felony, **Count 10:** Forgery, a class "C" felony,

**Count 11:** Forgery, a class "C" felony, **Count 12:** Forgery, a class "C" felony,

**Count 13:** Forgery, a class "C" felony, **Count 14:** Forgery, a class "C" felony, all

committed on or between November 18, 1997 and March 27, 1998; and the Court

having informed defendant of the verdict and having asked the defendant whether

he has anything to say why judgment and sentence should not be pronounced

against him, and no sufficient cause to the contrary being shown or appearing to

the Court;

**IT IS ADJUDGED** that defendant is guilty of said offenses as found by the

Court.

The Court having heretofore found beyond a reasonable doubt that the

defendant is a prior offender pursuant to the provisions of Section 558.019, RSMo

**IT IS ADJUDGED** that defendant is a prior offender and a persistent

offender pursuant to the provisions of Sections 558.016 and 557.036.4, RSMo.

**IT IS ORDERED AND ADJUDGED** that defendant is sentenced and

committed to the custody of the Missouri Division of Adult Institutions for

imprisonment for a period of:

**Seven (7) years on Count 1,**

**Three (3) years on each of Count 2 and Count 3;**

**STATE v TROY SMOCKS**
**CR99-2003**
**PAGE 3**

Seven (7) years on each of Count 4, Counts 5, 6 and 7;

Ten (10) years on each of Counts 8, 9, 10, 11, 12, 13, and 14;

    IT IS FURTHER ORDERED that (I) Counts 1, 2 and 3 shall run concurrently. (II) Counts 4 through 7 shall run concurrently with each other and consecutively with Counts 1 through 3; (III) Counts 8 through 12 shall run concurrently with each other and consecutively with Counts 1 through 3, and behind Counts 4 through 7; (IV) Counts 13 and 14 shall run concurrently with each other and consecutively with Counts 1 through 3, Counts 4 through 7, and Counts 8 through 12.

    IT IS FURTHERED ORDERED that defendant be given credit for all time served on the charge(s) herein.

    IT IS FURTHER ORDERED that, sentence having been pronounced and pursuant to Section 43.503.6 RSMo, the Defendant is to submit to fingerprinting if such has not previously been completed in this case. Further, the law enforcement agency completing the fingerprinting of Defendant shall secure all such photographs or identification information necessary to fully complete all portions of the standard fingerprint card and shall thereafter submit the fingerprints and identifying information to the Missouri Central Records Repository without undue delay.

**STATE v TROY SMOCKS**
**CR99-2003**
**PAGE 4**

IT IS ORDERED that the Court Administrator deliver a certified copy of this judgment and commitment to the Jackson County Department of Corrections and that the copy serve as the commitment of defendant.

IT IS ORDERED AND ADJUDGED, that the State of Missouri have and recover from defendant the sum of $ 46.00 for the Crime Victim's Compensation Fund, and that execution issue therefor.

IT IS FURTHER ORDERED that an appeal bond is set in the amount of $100,000.00, **cash only**.

IT IS FURTHER ORDERED that defendant is granted the right to file Notice of Appeal in forma pauperis and the Office of the Special Public Defender is hereby appointed to represent the defendant in his Appeal.

IT IS FURTHER ORDERED that the Court finds no probable cause to believe that defendant had inadequate or ineffective assistance of counsel. Defendant has been advised of his rights pursuant to Supreme Court Rule 29.15.

IT IS FURTHER ORDERED that Defendant is remanded to the custody of the Jackson County Department of Corrections for safekeeping and to await transport to the Missouri Division of Adult Institutions.

IT IS SO ORDERED.

_10/1/03_
Date

SANDRA C. MIDKIFF, CIRCUIT JUDGE

82

**STATE v TROY SMOCKS**
**CR99-2003**
**PAGE 5**

I certify that copies of the foregoing were mailed/faxed this
1st day of October, 2003, to:

Tammy Dickinson, Assistant Prosecuting Attorney
Bruce W. Simon, Attorney for Defendant
Jackson County Department of Corrections
Pam Taylor, via fax – 881-3891/1402
Criminal Records/Data Entry
Office of The Public Defender Appellate Division

**Odette B. Cole, Judicial Administrative Assistant**

83

## COUNTY OF JACKSON

I, **Teresa Steelman**, Court Administrator for the Circuit Court of Jackson County, Missouri and custodian of the records and papers thereof, do hereby **certify** that the foregoing is a full, true and complete.

Judgement
Motions
Orders
Information
Indictment

As the same appears in my office in Case No. CR99-02903
entitled State of Missouri v/s Troy A. Duckett
Witness my hand and seal of said Court on 2-11, 2004.

Teresa Steelman
Court Administrator
Circuit Court of Jackson
County, Missouri

By: _____
Deputy Clerk

**CERTIFIED COPY**
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Teresa L. Steelman
Court Administrator
Circuit Court of Jackson County, Missouri
2-11-04  By: _____ Deputy