# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TROY A. SMOCKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-0132-CV-W-NKL-P |
| ) | |
| DAVID DORMIRE, et al.,[1] ) | |
| ) | |
| Respondents. ) | |

| | |
|---|---|
| TROY A. SMOCKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-0194-CV-W-NKL-P |
| ) | |
| JEREMIAL W. (JAY) NIXON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who now is confined at the Jefferson City Correctional Center in Jefferson City, Missouri, filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 convictions and sentences for one count of stealing and thirteen (13) counts of forgery, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises the following grounds for relief: (1) the Missouri trial court lacked jurisdiction

---

[1] Because petitioner's custodian at the Jefferson City Correctional Center is David Dormire, he will be joined as a proper party respondent.

over petitioner's criminal proceeding because the indictment was not signed; (2) petitioner was not charged with the proper crimes under Missouri law; (3) petitioner's forgery convictions violate the Double Jeopardy Clause because they are single offenses, not thirteen separate offenses; and (4) the prosecutor forged the indictment.

Respondents contend that Ground 1 is not cognizable in this action, that Grounds 2, 3, and 4 are without merit, and that Grounds 3 and 4 also are procedurally barred from federal habeas corpus review. Doc. No. 7, pp. 2-10.

## Ground 1 – The State Trial Court Lacked Jurisdiction Over Petitioner's Prosecution Because the Indictment Was Not Signed

Although petitioner contends that the state trial court lacked jurisdiction over his state criminal proceeding because the indictment was not signed, petitioner's claim is not cognizable in federal habeas corpus because the "determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." Rhode v. Olk-Long, 84 F.3d 284, 287 (8th Cir 1996). As respondents further contend, petitioner's underlying claim that the charging documents were insufficient would fail on its merits because the Fifth Amendment's grand jury and indictment clauses are not applicable to the state, see Reed v. Ross, 468 U.S. 1, 16 n. 11 (1984), and because the Sixth Amendment requirement that an accused " be informed of the nature and cause of the accusation" was met in this case when petitioner received actual notice of the charges against him under the substitute information. Blair v. Armontrout, 916 F.2d 1310, 1329 (8th Cir. 1990). In fact, petitioner was not tried under

2

he challenged indictment, but was tried under a substitute information. Respondents' Exhibit B, pp. 24-29. Ground 1 will be denied.

## Ground 2 – Improper Charges under Missouri Law

In Ground 2, petitioner contends that he should have been charged with "transacting insurance business without a certificate of authority" under Mo. Rev. Stat. § 375.786.2(4) (2000) instead of forgery and stealing. As "long as the prosecutor had probable cause to believe that [petitioner] committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Moreover, the Missouri Court of Appeals held that the Missouri insurance code, including Section 375.786.2(4), did not apply to petitioner because petitioner "was not licensed under the insurance code and never brought himself under its provisions in any way." Respondents' Exhibit F, pp. 5-6.

Both the state trial court and the state appellate court rejected the cases on which petitioner relied and found that the state alleged conduct that is consistent with the criminal stealing and forgery statutes. Id. The state courts' adjudications of petitioner's claims were not contrary to or did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or did not result in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Ground 2 will be denied.

3

## Ground 3 – Double Jeopardy Violations

In Ground 3, petitioner contends that all of his forgery convictions violate the Double Jeopardy Clause because they deal with the same conduct. Although petitioner raised a claim in the Missouri Court of Appeals based solely on the application of Mo. Rev. Stat. § 556.041(4) (2000), he did not mention the Double Jeopardy Clause of the United States Constitution or any other federal law on this point. Respondents' Exhibit C, pp. 24-26. Respondents contend, therefore, that Ground 3 was procedurally defaulted in the state courts and that petitioner has failed to overcome the state procedural bar.[2]

Because petitioner failed properly to present his double jeopardy claim to the state courts, Ground 3 is procedurally barred from federal habeas corpus review of the merits thereof. See Anderson v. Harless, 459 U.S. 4, 6 (1982)(petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim); Abdullah v. Groose, 75 F.3d 408, 411-12 (8th Cir.) (requiring fair presentation of the same facts and legal theories to the state courts), cert. denied, 517 U.S. 1215 (1996).

A federal court may not review a procedurally defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

---

[2]Petitioner apparently represented himself on direct appeal. See Respondent's Exhibit C (cover page).

4

miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to demonstrate legally sufficient cause for his state procedural default.

Petitioner also has failed to show that he is "probably actually innocent" of the crime for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). Therefore, further review of petitioner's claim is not required to prevent a fundamental miscarriage of justice.[3] Ground 3 will be denied.

### Ground 4 – Forged Indictment with Changed Filing Date

In Ground 4, petitioner contends that the prosecutor forged the indictment by changing the filing date from May 16, 2001, to March 19, 2001. Because petitioner did not raise this claim in his direct appeal, respondents contend that he is procedurally barred from federal habeas corpus review of the merits of his claim. Respondents also contend, however, that the claim is without merit because the indictment shows in two separate places, including the trial court's own date stamp, that it was received on March 19, 2001. Respondents' Exhibit B, pp. 6, 10.

Because petitioner has failed to state a cause for his state procedural default and to show that he was prejudiced therefrom, he is procedurally barred from federal habeas corpus review.

---

[3]Respondents add that Ground 3 is without merit in any event because petitioner committed thirteen different forgery offenses based on thirteen different false documents. A review of the state court records reveals that petitioner distributed thirteen separate fake documents with knowledge they were fake, constituting thirteen separate violations of Mo. Rev. Stat. § 570.090.1(4). See Respondents' Exhibit B, pp. 6-10, 24-28, 31-35, 36-46.

5

Coleman v. Thompson, supra.  Petitioner also has failed to demonstrate his probable actual innocence, so he cannot meet the fundamental miscarriage of justice exception to procedural default.[4]  Ground 4 will be denied.

Accordingly, it is **ORDERED** that:

(1) Dave Dormire is joined as a proper party respondent in this case;

(2) the petition for writ of habeas corpus is denied; and

(3) this case is dismissed with prejudice.

    /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,
Dated:  6/14/06            .

---

[4] Respondents contend that the fact that Smocks' attorney and the prosecutor may have misstated the date of the indictment in their pleadings does not mean that the trial court's date stamp and docket are wrong or that the prosecutor forged the documents.  Doc. No. 7, pp. 9-10, and Doc. No. 17, pp. 2-3.  Respondents argue that Petitioner's Exhibit A-26 merely shows that the warrant desk received a copy of the indictment on May 16, 2001 (and issued a warrant on May 30, 2001), and does not demonstrate that the Jackson County Circuit Court did not receive and date the indictment on March 19, 2001.  In any event, petitioner did not object when the state filed an amended information on November 18, 2002.  Respondents' Exhibit A, p. 2.